UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM WESLEY, JR., | No. C 08-5035 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| MICHAEL SAYRE, C.M.O.; et al., | |
| Defendants. | |

## INTRODUCTION

Sam Wesley, Jr., currently an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Wesley alleges in his complaint that various defendants have failed to properly respond to his medical needs. He alleges that he was prescribed methadone for severe chronic pain while he was at San Quentin State Prison before his transfer to Pelican Bay on May 13, 2008. Once he arrived at Pelican Bay, Dr. Claire Williams stopped the methadone treatments, causing him to go through painful withdrawals. Wesley alleges that he was given Tylenol # 3 every six hours by Dr. Williams for about two weeks. Sheryl Skinner, F.N.P. reduced the dosage to one Tylenol # 3 per day, which was insufficient for his various medical problems. He also alleges that he was denied any medical treatment by Charles Murray, R.N. for his pain on June 12 and 23, 2008,

as well as July 2, 2008. He also alleges he was denied medical care by J. Cross, R.N. on September 5, 2008. He further alleges that chief medical officer Dr. Michael Sayre denied him medical treatment and a transfer back to San Quentin for proper medical treatment.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition on cruel and unusual punishment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and unusual punishment. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

Giving the pro se complaint the liberal construction to which it is entitled, the court concludes that it states a cognizable § 1983 for an Eighth Amendment violation based on defendants' failure to provide adequate pain relief medications for Wesley. Wesley has adequately linked defendants Dr. Claire Williams, nurse practitioner Sheryl Skinner, nurse Murray, nurse Cross, and Dr. Sayre to his § 1983 claim.

**CONCLUSION**

For the foregoing reasons,

1. The amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Williams, Skinner, Murray, Cross and Sayre for violation of Wesley's Eighth Amendment right to be free from cruel and unusual punishment. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants who apparently work on the medical staff at Pelican Bay State Prison:

- Claire Williams, M.D.
- Sheryl Skinner, F.N.P.
- Charles Murray, R. N.
- J. Cross, R.N.
- Michael Sayre, M.D.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **June 12, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 17, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares

3

his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 7, 2009**.

      4.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

      5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

      6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8. Plaintiff's request that the defendants be served with a copy of the summons and complaint is DISMISSED as unnecessary. (Docket # 3.) Whether process will be ordered served depends on the initial review under 28 U.S.C. § 1915A, which must be done regardless of a request by the plaintiff. Whether the process will be served by the Marshal or by the plaintiff depends on whether he is allowed to proceed as a pauper. Here, the court has ordered service of process, and that service will be done by the Marshal.

IT IS SO ORDERED.

Dated: March 13, 2009

                                                SUSAN ILLSTON
                                                United States District Judge