For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM WESLEY, JR., | No. C 08-5035 SI (pr) |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| MICHAEL SAYRE, C.M.O.; et al., | |
| Defendants. | |

In a March 13, 2009 Order of Service, the court determined that plaintiff's complaint stated a claim for relief under 42 U.S.C. § 1983 against five defendants for violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment based on their response to his medical requests. All five defendants have been served with process and have filed answers to the complaint. None filed a motion for summary judgment or any other dispositive motion, however, despite the existence of a schedule for such motions in the order of service. It may be that the defendants were not served with process before the deadlines in the order of service had already passed, but the court cannot determine what the problem is from the record, nor can it determine whether defendants intend to file a dispositive motion. Accordingly, the court now sets the following new schedule for dispositive motions or for defendants to file a notice that they will not be filing a dispositive motion so that the court can set the matter for trial: Defendants must file and serve a motion for summary judgment or other dispositive motion no later than **January 22, 2010.** Plaintiff must file and serve his opposition to the motion no later than **February 26, 2010**. Defendants must file their reply brief, if any, no later than **March 12, 2010**.

Plaintiff filed a motion for a continuance because he had not received any dispositive motion from defendants and wanted a "continuance" of his opposition deadline until he received something from defendants. The court construes the motion to be a request for extension of time to file an opposition and DISMISSES it as moot. (Docket # 7.) Plaintiff's opposition must be filed and served in accord with the schedule set in the preceding paragraph.

The court provides the following general information about unrepresented prisoner litigation because defendants are represented by private counsel instead of the California Attorney General's Office. First, the court usually puts a briefing schedule for dispositive motions in the order of service in a prisoner civil rights case. Past experience has shown that prisoner cases without any deadlines languish without any progress. The court will allow time for needed discovery but generally tries to keep the cases moving toward resolution by motion, trial or settlement. Second, the motions (including dispositive motions) in prisoner cases are deemed submitted on the papers and no hearing is held unless the court orders otherwise. No hearing date needs to be included on the moving papers. Third, due to the absence of access to computers, scanners and email in prison, paper copies of all filings must be sent to one's opponent. That is, plaintiff must mail a copy of every filing to defense counsel, and defense counsel must mail a copy of every filing to plaintiff. Fourth, there is what is known as the "prisoner mail-box rule" which provides that a document filed by a prisoner is deemed filed when he gives it to prison officials to mail to the court rather than when it is actually stamped "filed" at the courthouse. See Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009). Fifth, due to the difficulties of sending and receiving mail while in custody, as well as the limits on a prisoner's access to the law library, the court sets more generous briefing schedules than would otherwise exist in a civil action. Sixth, the case number ends with "(pr)" and that is part of the case number that should appear on all filings. Seventh, letters to the court are discouraged – if a party wants action from the court, the party should file a motion.

IT IS SO ORDERED.

Dated: November 10, 2009

_____
SUSAN ILLSTON
United States District Judge

2